## Dunwoody *versus* Raynor.

1. In an action for rent, the defendants pleaded that the plaintiff during the term leased to another person and excluded the defendants from part of the premises, in the use of which by the second lessee large quantities of water, &c., were discharged on the defendants' part and so damaged their goods, that they were forced to quit the premises; and they claimed damages therefor in the action. *Held*, that the averments in the plea constituted eviction, and were not set-off.

2. The plaintiffs replied that in a former action for rent for another period under the same lease, the defendants pleaded eviction, and offered evidence of the acts now averred in their plea and that judgment was rendered against them. The defendants rejoined that they did not offer the same evidence in the former action, but they gave no evidence to sustain the rejoinder. *Held*, that admitting the record of the former action in evidence and rejecting evidence of the averments in the rejoinder, were proper.

ERROR to the District Court of *Philadelphia*.

This was an action of *assumpsit*, commenced June 27th 1865, by Charles Raynor and Anna his wife, in her right, against John Dunwoody and Ezekiel Dunwoody, trading as Dunwoody & Brother.

The plaintiffs declared in three counts for rent due for premises in Broad street, Philadelphia, for the months of November and December 1862, at the rate of $1500 per annum. The defendants pleaded nine pleas, including "three additional pleas;" the last of which was that after the making the lease, and whilst the said premises in said lease mentioned were in the possession of the defendants, the plaintiffs leased portions of the premises in defendants' lease mentioned, and so already demised to defendants, and in the possession of defendants as aforesaid, to wit, a passage-way and privy on the first floor, and a room and a privy on the second floor, to another tenant, and suffered, authorized and permitted the said tenant to take possession of, use and employ the said passage-way and privy on the first floor, and the room and privy on the second floor, and to exclude the defendants from the use and enjoyment of the said passage-way and privy on the first floor, and said room and privy on the second floor. By means whereof and of such use by the said tenant of plaintiffs' of said passage-way and privy on the first floor, and said room and privy on the second floor, and by the authority, permission and license of plaintiffs, large quantities of filth and water were discharged into and upon that portion of said premises which still remained in the possession of the defendants, and by authority, permission and license of plaintiffs, large quantities of filth and water were suffered and permitted to flow and soak through and into the said premises in possession of defendants, and into and upon the merchandise and goods of defendants upon said premises, so that defendants were forced and obliged by reason of said actions and doings of

[Dunwoody *v.* Raynor.]

plaintiffs aforesaid, to leave and quit the said premises in the said lease by plaintiffs demised to defendants, and by means of said premises the defendants sustained damages in the sum of $3500, which they now here claim from the said plaintiffs.

To this plea the plaintiffs replied that said defendants ought not to be permitted to aver as they have in said plea averred, because they say that heretofore, on the 26th day of November 1862, the plaintiffs impleaded defendants in a certain plea or action of debt, and therein declared against defendants in the same manner and form as they have in this suit declared, for the sum of $250, being two months' rent due on the 1st day of November 1862, on and under the same identical lease, and for the same identical premises, as in said lease and premises in the said declaration in this cause mentioned; and the defendants to said declaration pleaded that plaintiffs, after the making of said demise and before any part of the rent in the declaration in said cause mentioned became due, with force and arms, &c., entered into and upon the said premises, and then and there ejected and expelled the defendants from the possession thereof, and kept and continued the defendants so ejected and expelled and out of the possession thereof from thence hitherto, and plaintiffs in due form traversed said plea, and issue was joined on said plea; and afterwards, to wit, on the 21st day of May 1863, said issue came on to be tried by a jury of the country, &c., and the jurors did find a verdict for the plaintiffs for the sum of $250, being the amount of the rent aforesaid, and on the 8th day of June 1863, the plaintiffs recovered judgment against defendants for the sum of $250 aforesaid, which judgment continued to be and was in force, &c., until the        day of August 1863, when defendants paid and satisfied the same; and the plaintiffs aver that they are the same identical persons as the plaintiffs in said former suit; that defendants are the same identical persons as the defendants in the said former suit; that said lease declared on in this suit is the same identical lease as the lease declared on in said former suit; and that to sustain their said plea in said former suit, defendants offered testimony of the same identical acts and doings on the part of plaintiffs in the said third additional plea averred: wherefore the said plaintiffs pray judgment if said defendants ought to be admitted against the said record to aver as they have in said third additional plea averred.

The defendants rejoined that they did not, to sustain their said plea in said former suit in said replication mentioned, offer testimony of the same identical acts and doings on the part of the said plaintiffs as in the said third additional plea above set forth, and of this they put themselves upon the country.

On the trial, before Hare, J., the plaintiffs having given the lease in evidence, offered the record of the suit mentioned in their

[Dunwoody *v.* Raynor.]

replication, which, after objection by defendants, was admitted and an exception taken.

The defendants offered evidence of the allegations in their third additional plea, which, being objected to by the plaintiffs, was rejected by the court and exception taken. The defendants offered no evidence of the allegations in their rejoinder.

There was a verdict for the plaintiffs for $285.38. The errors assigned were, the admission and rejection of evidence as above stated.

*L. R. Fletcher* and *F. C. Brewster*, for plaintiffs in error.— The evidence rejected was a good set-off in damages for the breach of the covenant for quiet enjoyment. It was not claimed as eviction: Smith's Land. and Ten. 210; Dyott *v.* Pendleton, 8 Cowen 731; 24 Wend. 445; 2 Saunders's Pl. and Ev. 630; Christopher *v.* Austin, 1 Kern 216; Peck *v.* Hiles, 24 Barb. 178; Chatterton *v.* Fox, 5 Duer 64; 6 Smith 281; 4 Comst. 217; Wallace *v.* Lentz, Pittsburgh Leg. Jour. Sept. 20th 1865; Maule *v.* Ashmead, 8 Harris 482; Ross *v.* Dysart, 9 Casey 452; Peters *v.* Grubb, 9 Harris 455; Vaughan *v.* Blanchard, 1 Yeates 176; s. c. 4 Dallas·124; Kessler *v.* McConachy, 1 Rawle 435; 3 Chitty's Pl. 993; 3 Co. L. 431 (Thos.).

*E. S. Miller*, for defendants in error.—The evidence offered could have proved nothing more than an eviction, and could not be set off: Cornell *v.* Green, 10 S. & R. 14; Gogel *v.* Jacoby, 5 Id. 122.

The opinion of the court was delivered, May 15th 1866, by

READ, J.—The defence in this case was narrowed down to the ninth plea, which was intended to be a special set-off, but which was really a plea of eviction from a part of the premises, thus discharging the tenants, the defendants, from the payment of the whole rent. To this plea the plaintiffs replied specially that in a former suit for the September and October rent the defendants had pleaded eviction, and upon the trial of the issues the jury found a verdict for the plaintiffs for the sum of $250, the amount of rent claimed, on which judgment was entered, which the said defendants afterwards paid and satisfied; and after the usual averments of identity, it was avowed that to sustain the said plea in said former suit, said defendants offered testimony of the same identical acts and doings on the part of the said plaintiffs in the said third additional (9 S.) plea set forth and averred, and the replication there specifies the particular acts in the said plea described, and the plaintiffs prayed judgment if said defendants ought to be admitted against the said record to aver as they have in said third additional plea averred.

[Dunwoody *v.* Raynor.]

To this replication the defendants demurred specially, but afterwards withdrew the demurrer, and rejoined that the said defendants did not, to sustain their said plea in said former suit in said replication mentioned, offer testimony of the same identical acts and doings on the part of the said plaintiffs as in the said third additional plea above set forth ; and concluded to the country.

Upon this issue the cause was tried, and the record of the former suit was put in evidence, and the defendants, instead of attempting to prove their side of the issue that they had not offered testimony of the same identical acts and doings of the plaintiffs in the former suit, offered evidence to prove their said third additional plea, as if issue had been joined on that plea without the special replication and rejoinder. The court therefore were right in rejecting the evidence offered by the defendants ; and, as the record of the former suit was properly admitted, this disposes of all the assignments of error.

Judgment affirmed.